IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| STEPHEN MOLE, #1486881 | § | |
| VS. | § | CIVIL ACTION NO. 4:11cv48 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Stephen Mole, an inmate confined in the Texas prison system, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

Background

On January 5, 2008, a Denton County jury found Petitioner guilty of intoxication manslaughter and two counts of intoxication assault. He was sentenced to twenty years' confinement for intoxication manslaughter, ten years' confinement for one count of intoxication assault, and ten years' probated sentence for the other count of intoxication assault. The Second Court of Appeals affirmed the convictions on April 23, 2009. *Mole v. Texas*, No. 02-08-021-CR (Tex. App.–Fort Worth, pet. ref'd). The Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review on September 23, 2009. PDR No. 1100-09, 1153-09. Petitioner then filed an application for state writ of habeas corpus, which the Texas Court of Criminal Appeals denied in part

1

on November 17, 2010. *Ex parte Mole*, Application No. WR-74,881-01.

Petitioner filed the present federal petition for habeas corpus, alleging that he is entitled to relief because trial counsel was ineffective for:

    a.    failing to prepare for the questioning of a witness

    b.    failing to adequately investigate;

    c.    failing to call uncalled witnesses; and

    d.    failing to pursue a different defense strategy.

The Director filed a Response, asserting that Petitioner's issues are without merit. Petitioner filed a Reply to the Director's Response.

## Statement of Facts

The statement of facts are taken from the opinion of the Second Court of Appeals:

> Members of two New Hampshire families, the Cordeses and the Gateses, visited Texas to attend a wedding. Around 10:00p.m. on the night of the wedding, they decided to leave the wedding reception and return to their hotel. Gene Cordes drove their rental car, and his friend Don Gates sat in the front passenger seat. Gene's wife Beverly Brooks, their son Griffin Cordes, and Don's wife Marilyn Gates sat in the backseat. Gene was driving south on Marsh Lane near Carrollton. As he approached the intersection of Marsh Lane and Hebron Parkway, the left turn arrow turned green, and he began executing a left-hand turn onto Hebron.
>
> Mole was driving his Ford Expedition west on Hebron and ran the red light at the intersection, colliding with Gene's rental car. The rental car spun out of control, and Marilyn and Beverly were thrown from the car. Marilyn died at the hospital that night. Griffin and Beverly both spent several days in the hospital receiving treatment for their injuries and continued to have medical difficulties stemming from the accident through the date of trial. A grand jury ultimately indicted Mole for one count of intoxication manslaughter and two counts of intoxication assault.
>
> At trial, six eyewitnesses testified for the State. The driver and two passengers of a Lincoln Navigator that was heading west on Hebron testified that Mole sped past them and never applied his brakes before colliding with the rental car. All three of

those witnesses testified that the light on Hebron was red when Mole entered the intersection. Tim Raine and his fiancé, who were heading west on Hebron that night, testified that Mole passed them while driving at a high speed and that he swerved in and out of lanes. They approached the intersection of Hebron and Marsh as the collision was happening. Raine testified that the light was red when he saw the accident and that Mole "appeared to run a red light." Laurel Jentgen, the sixth eyewitness to testify for the State explained that she had been driving north on Marsh that night and had just received a green left turn arrow and executed a left hand turn to head west on Hebron when she heard the crash behind her.

Officer Brian Vannucci of the Carrollton Police Department was the first officer on the scene. He testified that Mole smelled of alcohol and that his eyes were red and watery, but he explained on cross-examination that the air bags in Mole's vehicle had deployed and that would cause a driver's eyes to redden. Mole was able to carry on a conversation with the officer and told the officer that he had consumed three to four glasses of wine that evening. Former state trooper Chris Van Dyk, the primary investigator for the accident, testified that he also spoke with Mole when he arrived at the scene. He noticed that Mole walked in a normal fashion but that his breath smelled of alcohol. Van Dyk conducted sobriety tests on Mole, determined that he was intoxicated, and arrested him.

Officer Jeff Heinemeyer of the Carrollton Police Department testified that approximately two and a half hours after the accident, he spoke with Mole at the hospital and noticed that Mole's breath had a faint odor of alcohol and that his eyes were glossy and bloodshot. At the hospital, Mole consented to a blood test, and the lab results showed that his blood contained 0.12 grams of alcohol per 100 milliliters of blood.

Michael Brighton testified as Carrollton's supervisor of traffic operations. He explained that the traffic lights at the intersection of Marsh and Hebron were working normally on the date of the accident. He explained that it is impossible for traffic on Hebron to have a green light while traffic on Marsh also has a green left turn arrow and that any malfunctioning of the lights results in flashing red lights for all traffic stopped in any direction at the intersection.

The defense called Mole's long-time friend June Wise, who testified that she received a call from Mole around 10:00 or 10:30 that night and that Mole sounded concerned but otherwise normal. Mole's sister testified that she ate dinner with Mole and their parents at a restaurant that night and that Mole drank wine at dinner, but she did not know how much. She said that Mole seemed fine when they left the restaurant. The defense also called eyewitness Gloria Castillo to testify; she read from the affidavit she wrote the night of the accident that Mole's vehicle "was speeding to make the light when it was turning red." She further testified that Mole's

>light was red when he entered the intersection and that she did not see him apply his brakes. Castillo also testified that before the accident, Mole almost hit her car and that she had to move out of his way.

*Mole*, No. 02-08-021-CR, at 1-2 (footnotes omitted).

<u>Federal Habeas Corpus Relief</u>

The role of federal courts in reviewing habeas corpus petitions by prisoners in state custody is exceedingly narrow. A person seeking federal habeas corpus review must assert a violation of a federal constitutional right. *Lowery v. Collins*, 988 F.2d 1354, 1367 (5th Cir. 1993). Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present. *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 479-80, 116 L. Ed.2d 385 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996). In the course of reviewing state proceedings, a federal court does not sit as a super state appellate court. *Wood v. Quarterman*, 503 F.3d 408, 414 (5th Cir. 2007); *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986).

The prospect of federal courts granting habeas corpus relief to state prisoners has been further limited by the Antiterrorism and Effective Death Penalty Act of 1996. The new provisions of Section 2254(d) provide that an application for a writ of habeas corpus "shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See Williams v. Taylor*, 529 U.S. 362,

402-03, 120 S. Ct. 1495, 1517-18, 146 L. Ed.2d 389 (2000); *Childress v. Johnson*, 103 F.3d 1221, 1224-25 (5th Cir. 1997). The statutory provision requires federal courts to be deferential to habeas corpus decisions on the merits by state courts. *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002).

A decision by a state court is "contrary to" the Supreme Court's clearly established law if it "applies a rule that contradicts the law set forth in" the Supreme Court's cases. *Williams*, 529 U.S. at 405-06. A federal court's review of a decision based on the "unreasonable application" test should only review the "state court's 'decision' and not the written opinion explaining that decision." *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (*en banc*); *see also Green v. Thaler*, 699 F.3d 404, 412 (5th Cir. 2012). "Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas corpus court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411. Rather, that application must be objectively unreasonable. *Id.* at 409. The standard is satisfied only if "reasonable jurists considering the question would be of one view that the state court ruling was incorrect." *Davis v. Johnson*, 158 F.3d 806, 812 (5th Cir. 1998) (internal quotation marks and citations omitted).

The statutory provisions require federal courts to be deferential to habeas corpus decisions on the merits by state courts. *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002). "[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011). Factual determinations are entitled to a presumption of correctness, which must be rebutted by a presentation of clear and convincing evidence. *Goodrum v. Quarterman*, 547 F.3d 249, 256 (5th Cir. 2008). The Supreme Court explained that the new provisions "modified a federal habeas court's role in reviewing state

prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002). Federal habeas corpus relief is not available just because a state court decision may have been incorrect; instead, a petitioner must show that a state court decision was unreasonable. *Id.* at 694. "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington v. Richter*, — U.S. —, 131 S. Ct. 770, 784, 178 L. Ed.2d 624 (2011).

A federal district court must be deferential to state court findings supported by the record. *See Pondexter v. Dretke*, 346 F.3d 142, 149-152 (5th Cir. 2003). A state application that is denied without written order by the Texas Court of Criminal Appeals, as in the present case, is an adjudication on the merits. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (holding a "denial" signifies an adjudication on the merits while a "dismissal" means the claim was declined on grounds other than the merits).

Ineffective Assistance of Counsel at Trial

Petitioner claims that his trial counsel was ineffective in several instances. A petitioner who seeks to overturn his conviction on the grounds of ineffective assistance of counsel must prove his entitlement to relief by a preponderance of the evidence. *James v. Cain*, 56 F.3d 662, 667 (5th Cir. 1995). In order to succeed on a claim of ineffective assistance of counsel, a habeas corpus petitioner must show that "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. *Strickland v. Washington*, 466 U.S. 668, 688, 104 S. Ct. 2052, 2065, 80 L. Ed.2d 864 (1984). The

standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Id.* at 690. The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981); *Rubio v. Estelle,* 689 F.2d 533, 535 (5th Cir. 1982); *Murray v. Maggio*, 736 F.2d 279 (5th Cir. 1984). Secondly, the habeas petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Petitioner must "affirmatively prove," not just allege, prejudice. *Id.* at 693. If he fails to prove the prejudice component, the court need not address the question of counsel's performance. *Id.* at 697.

In the context of § 2254(d), the deferential standard that must be accorded to counsel's representation must also be considered in tandem with the deference that must be accorded state court decisions, which has been referred to as "doubly" deferential. *Richter,* 131 S. Ct. at 788. "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." *Id*. "If the standard is difficult to meet, that is because it was meant to be." *Id*. at 786; *see also Morales v. Thaler*, 714 F.3d 295, 302 (5th Cir. 2013).

<u>Preparation to Question a Witness</u>

Petitioner first claims his trial counsel was ineffective for failing to prepare to question a witness. However, he fails to identify which witness or witnesses that should have been more thoroughly questioned. Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *United States v. Woods*, 870 F.2d 285, 288 (5th Cir. 1989); *Schlang v. Heard*, 691 F.2d 796,

7 99 (5th Cir. 1982). In his state writ for habeas corpus, Petitioner complained that counsel did not question Gloria Castillo prior to calling her as a defense witness. Construing Petitioner's complaint concerning the questioning of witnesses as referring to Castillo, this court notes that the state habeas court made the following findings:

> 9. Witness Gloria Castillo gave a statement to police, as a witness to the accident, which appeared to be useful to Applicant's defense.
>
> 10. Castillo was subpoenaed by the State but never called to testify.
>
> 11. Applicant called Castillo to testify in his defense, but her testimony mirrored the testimony of other State's witnesses.

*Ex parte Mole*, Application No. WR-74,881-01, at 61 (cites to record omitted). The state habeas court made the following conclusions of law:

> [Trial counsel] does not contend that he spoke with witness Gloria Castillo prior to calling her as a defense witness. Although one interpretation could support Applicant's argument that [counsel] failed to prepare the witness, another interpretation could support a finding that counsel was attempting to show that his witnesses were credible, uncoached, and telling the truth. *See Gamble v. State*, 916 S.W.2d 92, 923 (Tex. App.–Houston [1st dist.] 1996, no pet.). It cannot be said that counsel's failure to prepare the witness constituted ineffective assistance of counsel absent a showing of prejudice, or that the result of the proceedings would have been different absent counsel's alleged errors. *See Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Applicant's relief within this issue should be denied.

*Ex parte Mole*, Application No. WR-74,881-01, at 63. It appears that counsel met with Castillo the morning before she testified. In her statement provided to the police, Castillo stated that Mole's vehicle "was speeding to make the light when it was turning red." Counsel stated in his affidavit to the state habeas court that he believed the statement was favorable to the defense since it suggested

that the light might not have yet turned red when Petitioner entered the intersection. Counsel also stated that Castillo's statement "served as a basis for requesting a lesser-included Driving While Intoxicated charge as well as causation instructions." He questioned Castillo in a way to show that she had not been coached by him. Counsel presented her contradictory statement to the jury, and showed that she was in the car closest to the intersection when the collision occurred, lending greater credence to her statement given to police that suggested that the light had not yet turned red. Counsel argued for the lesser-included offense and causation instructions based on Castillo's testimony and statement. Petitioner has not shown that counsel was ineffective. Petitioner has failed to overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065. He has also failed to prove that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Id*., 466 U.S. at 694, 104 S. Ct. at 2068.

The Court of Criminal Appeals adopted the state habeas court's findings and conclusions when it denied relief. The implicit and explicit findings and determinations of the court are entitled to a presumption of correctness to which Petitioner has not rebutted with clear and convincing evidence to the contrary. *Neal*, 239 F.3d at 696. Petitioner has not shown that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402-03, 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25. He has not shown that there was no reasonable basis for the state court to deny relief. *Richter*, 131 S. Ct. at 784.

Investigation

Petitioner next claims that trial counsel was ineffective because he failed to investigate DPS policies and procedures. He asserts that, had counsel informed him of DPS policies and procedures, he would have been able to make a more informed plea decision. Petitioner's claims, however, are conclusory. Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d at 799. Trial counsel "has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691, 104 S. Ct. at 2066. Deference must be applied to counsel's judgment in assessing unreasonableness. *Id*. A defendant who alleges a failure to investigate must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial. *Gray v. Lucas*, 677 F.2d 1086, 1093 (5th Cir. 1982). Petitioner has failed in this regard.

The state habeas court considered this issue and found it to be without merit. It concluded:

> Applicant has not alleged what further investigation would have revealed or how this would have affected his plea. *See Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (the two-part Strickland test applies to challenges to guilty pleas based on ineffective assistance of counsel); *Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex. Crim. App. 2002) (to prevail on a postconviction writ of habeas corpus, an applicant bears the burden of proving, by a preponderance of the evidence, facts that would entitle him to relief); *Mooney v. State*, 817 S.W.2d 693, 697 (Tex. Crim. App. 1991) (if ineffectiveness is alleged due to lack of thorough investigation, applicant must show what a more in-depth investigation would have shown); *see also Strickland v. Washington*, 466 U.S. 668, 694 (1984) (one must show that there is a reasonable probability that the result of the proceeding would have been different absent counsel's unprofessional errors). Applicant's relief as to this issue should be denied.

*Ex parte Mole*, Application No. WR-74,881-01, at 63. Petitioner has not shown that counsel was ineffective. He has also failed to prove that there is a reasonable probability that, but for counsel's

alleged unprofessional errors, the result of the proceeding would have been different. *Id.*, 466 U.S. at 694, 104 S. Ct. at 2068. Moreover, to prevail on a claim that counsel was ineffective for failing to adequately advise a defendant concerning a plea offer, the petitioner must demonstrate a reasonable probability that he would have accepted the plea offer had he been properly advised. Petitioner fails to even claim that he would have accepted a plea offer, much less present evidence showing a reasonable probability that he would have accepted one. *See Arnold v. Thaler*, 630 F.3d 367, 372 (5th Cir. 2011).

The Court of Criminal Appeals adopted the state habeas court's findings and conclusions when it denied relief. The implicit and explicit findings and determinations of the court are entitled to a presumption of correctness to which Petitioner has not rebutted with clear and convincing evidence to the contrary. *Neal*, 239 F.3d at 696. Petitioner has not shown that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402-03, 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25. He has not shown that there was no reasonable basis for the state court to deny relief. *Richter*, 131 S. Ct. at 784.

Uncalled Witnesses

Petitioner claims that trial counsel was ineffective during the punishment phase for failing to call witnesses to testify concerning his good character. "[C]omplaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative." *Buckelew v. United*

*States*, 575 F.2d 515, 521 (5th Cir.1978). Further, the presentation of witness testimony is essentially strategy and, thus, within the trial counsel's domain. *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir.1985). A petitioner must overcome a strong presumption that his counsel's decision in not calling a particular witness was a strategic one. *Murray v. Maggio, Jr.*, 736 F.2d 279, 282 (5th Cir. 1984). Where "the only evidence of a missing witness's testimony is from the defendant," claims of ineffective assistance are viewed with great caution. *United States v. Cockrell*, 720 F.2d 1423, 1427 (5th Cir.1983), *cert. denied*, 467 U.S. 1251, 104 S. Ct. 3534, 82 L. Ed.2d 839 (1984). Moreover, to succeed on the claim, Petitioner must have shown that had counsel investigated, he would have found witnesses to support the defense, that such witnesses were available, and had counsel located and called these witnesses, their testimony would have been favorable and they would have been willing to testify on Petitioner's behalf. *Alexander*, 775 F.2d at 602; *Gomez v. McKaskle*, 734 F.2d 1107, 1109-10 (5th Cir. 1984), *cert. den.*, 469 U.S. 1041 (1984). Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d at 799.

In the instant case, Petitioner has not shown that any additional witnesses were willing or able to testify. He has not presented what the testimony would have been or how it would have been favorable to his defense. He has failed to meet his burden. *Alexander*, 775 F.2d at 602. He also has not shown that there is a reasonable probability that, but for his trial counsel's alleged error, his sentence would have been "significantly less harsh." *Dale v. Quarterman*, 553 F.3d 876, 880 n. 2 (5th Cir. 2008). Moreover, the state habeas court concluded:

> Applicant has failed to show how a more in-depth investigation would have revealed the identities of the unknown witnesses if no statements were gathered by the officers at the scene. *See Mooney*, 817 S.W.2d at 697. Furthermore, failure to call a witness

> to testify is not ineffective assistance absent a showing that the witness was available to testify and his/her testimony would have been beneficial. *Butler v. State*, 716 S.W.2d 48, 55 (Tex. Crim. App. 1986). Thus, Applicant has failed to carry his burden of proof or allege facts that would entitle him to relief. *See Richardson,* 70 S.W.3d at 870. Applicant's complaints as to [this] issue should be denied.

*Ex parte Mole*, Application No. WR-74,881-01, at 64. The Court of Criminal Appeals adopted the state habeas court's findings and conclusions when it denied relief. The implicit and explicit findings and determinations of the court are entitled to a presumption of correctness to which Petitioner has not rebutted with clear and convincing evidence to the contrary. *Neal*, 239 F.3d at 696. Petitioner has not shown that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402-03, 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25. He has not shown that there was no reasonable basis for the state court to deny relief. *Richter*, 131 S. Ct. at 784.

<u>Defensive Theories</u>

Finally, Petitioner alleges that his trial counsel was ineffective for failing to present a defensive theory other than challenging the performance of a DPS trooper in the investigation of the car accident. To any extent that Petitioner claims that trial counsel should have investigated alternative defensive theories, he has not shown that there was any uninvestigated evidence that would have cause his trial counsel to pursue an alternative defensive theory, or that, if presented at trial, would have resulted in a different outcome. Furthermore, trial counsel vigorously cross-

examined the State's witnesses, called Petitioner's sister, who testified that Petitioner was not intoxicated, called Castillo, whose testimony allowed him to introduce a lesser-included offense and jury instructions, and called Wise, who testified that Petitioner did not seem intoxicated when he talked to her at the time of the offense. Petitioner has failed to overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065. He has also failed to show deficient performance or that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. His suggestion that the wreck may have been caused by a mechanical failure or a medical condition is wholly conclusory and without support. Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d at 799.

> The state habeas court concluded:
>
> Applicant has not alleged what his possible other defenses were, or how this would have affected his plea. *See Hill*, 474 U.S. at 56; *Richardson*, 70 S.W.3d at 870 (to prevail on a postconviction writ of habeas corpus, an applicant bears the burden of proving, by a preponderance of the evidence, facts that would entitle him relief). Applicant has failed to carry his burden of proof, and relief as to this issue should be denied.

*Ex parte Mole*, Application No. WR-74,881-01, at 64. The Court of Criminal Appeals adopted the state habeas court's findings and conclusions when it denied relief. The implicit and explicit findings and determinations of the court are entitled to a presumption of correctness to which Petitioner has not rebutted with clear and convincing evidence to the contrary. *Neal*, 239 F.3d at 696. Petitioner has not shown that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as

determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402-03, 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25. He has not shown that there was no reasonable basis for the state court to deny relief. *Richter*, 131 S. Ct. at 784.

Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court, nonetheless, address whether Petitioner would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604, 146 L. Ed.2d 542 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). "When a

district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604.

It is respectfully recommended that reasonable jurists could not debate the denial of the Petitioner's § 2254 petition on procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 134, 154 L. Ed.2d 931 (2003) (citing *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604). Accordingly, it is recommended that the Court find that the Petitioner is not entitled to a certificate of appealability as to the claims raised.

## Recommendation

It is therefore recommended that the petition be denied and dismissed with prejudice. It is further recommended that a certificate of appealability be denied.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79

F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this 27th day of February, 2014.**

                                                               _____
                                                               DON D. BUSH
                                                               UNITED STATES MAGISTRATE JUDGE